BRONXVILLE PALMER, LTD., Appellant, *v.* STATE OF NEW YORK et al., Respondents. (Claim No. 38321.)

SMITH-CAIRNS MOTOR SALES CO., INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 39036.)

EDWARD B. KIRK, Doing Business as NEBKO PRESS, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 39037.)

BRONXVILLE PRINTERY CORPORATION, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 39038.)

THORN'S TRANSFER, INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 39042.)

Third Department, March 25, 1970.

*Scribner & Miller* (*Herbert Plaut* of counsel), for Bronxville Palmer, Ltd., appellant.

*Herbert Kaufman* for Smith-Cairns Motor Sales Co., Inc. and others, appellants.

*Louis J. Lefkowitz, Attorney-General* (*Peter J. Dooley, Jr.,* and *Ruth Kessler Toch* of counsel), for respondents.

HERLIHY, P. J.   These are appeals from judgments entered January 10, 1969 upon a decision of the Court of Claims, which dismissed the claims.

These are claims for property damage due to the flooding of the Bronx River and Sprain Brook which occurred during the construction by the State of the New Sprain Brook Parkway in and near the Village of Bronxville in Westchester County. Bronxville Palmer's property is located near Sprain Brook, and the properties of the other claimants are located further downstream from Bronxville Palmer near the Bronx River in and about the area where the Sprain Brook joins the Bronx River. The record contains photographic exhibits which show views of the areas in question.

The original construction schedule would have resulted in the temporary closing of the Bronx River Parkway in order to permit excavation for a new and larger channel for the Bronx River and the waters of the Sprain Brook as they flowed into the Bronx River. However, officials of Bronxville, Yonkers and Westchester County objected to the closing of the Bronx River Parkway and in an effort to accommodate the desires of the local authorities the State changed the work sequence with the result that the downstream reconstruction of the Bronx River channel was completed subsequent to the upstream reconstruction of the Sprain Brook channel.

On July 3, 1960 the property of Bronxville Palmer apparently suffered damage caused by the run-off of surface waters, but its filed claim was for damages resulting from the overflow of Sprain Brook on that date. The claimant sought at the trial to amend its claim for July 3, 1960 to specify surface waters, and the court denied the motion to amend. It appears that such an amendment was not so " minor " as to constitute an abuse of discretion on the part of the trial court because of its refusal to grant the amendment. While the record establishes that the State might not have been " surprised " by the motion to amend, it is nevertheless obvious that the State was not under any obligation to defend or prepare a defense as to surface waters until the claim duly alleged the same and, accordingly, the trial court could properly consider the delay by claimant in seeking to amend its claim and we affirm the denial of the motion to amend.

On July 30, 1960 and on August 19, 1960 there were heavy rainfalls in the Bronxville area resulting from hurricanes " Brenda " and " Cleo ". The rainfall on both of these dates produced extensive flooding of the claimants' properties, causing the damages for which these claims were brought. None of the claimants were riparian owners and, accordingly, their theory of absolute liability on the part of the State because of interference with the flow of natural streams is without merit.

The State did not offer any evidence that the rainfalls on July 30 and August 19, 1960 were unprecedented but it did offer expert testimony and evidence that the general flooding in the area of the confluence of the Sprain Brook and Bronx River had occurred in the past and would have occurred at the subject times regardless of the additional element of highway construction. It thus appears that whether or not sound construction practice would have required construction in the downstream area of the Bronx River as a first step, the State did not breach any duty to these claimants in the course of the highway

construction which would constitute negligence and be a proximate cause of the flooding. The trial court's dismissal of all of the claims (Nos. 39036, 39037, 39038, 39042) except Bronxville Palmer must be affirmed.

As to Bronxville Palmer, Ltd. (Claim No. 38321) the record establishes that the movement of the brook some 82 to 105 feet from its former site to its new site approximately 5 to 10 feet from claimant's property line was not accompanied by appropriate safeguards to protect against the reasonably foreseeable flooding of claimant's premises prior to completion of the reconstruction at points further downstream. As to Bronxville Palmer, the record establishes, and we so find, that the State was negligent in failing to provide adequate safeguards in the planning and accomplishment of the reconstruction (cf. *Morris* v. *State of New York,* 10 A D 2d 754, 755); that such negligence was the proximate cause of injury to the claimant's premises on July 30 and August 19, 1960; and the State introduced no evidence that the rainfalls were "unprecedented". (Cf. *Incorporated Vil. of Flower Hill* v. *State of New York,* 7 A D 2d 940.)

It should be noted that there is no claim that the completed project was negligently designed or constructed.

The judgment dismissing Claim No. 38321, filed by Bronxville Palmer, Ltd., should be reversed, on the law and the facts, and a new trial, limited to the question of damages, ordered, with costs. The order denying motion to amend Claim No. 38321 should be affirmed without costs. The judgments dismissing Claims Nos. 39036, 39037, 39038 and 39042 should be affirmed, without costs.

REYNOLDS, J. (dissenting). The Court of Claims has found that the claimants failed to establish facts sufficient to constitute a cause of action in negligence against the State of New York. The court further found that the flooding was due to abnormal rainfall from hurricanes "Brenda" and "Cleo". The Bronx River was not altered or changed downstream from the project and its ability to carry off waterflow was the same during the construction as it was before construction. In fact, the extent to which the new channels upstream had been completed at the times of the flooding actually increased the upstream capacity to hold and carry surface water. There was undisputed evidence that in this area general flooding had occurred in the past. There was expert testimony that it would have occurred at the time it did regardless of the construction. The contention that the State was negligent by not performing

downstream construction first was passed upon by the trial court as a question of fact and rejected. It would appear that the flooding was a result of an "Act of God" since the State has no control over the timing or presence of hurricanes which are not a normal occurrence in Westchester County. I would affirm.

GREENBLOTT, COOKE and SWEENEY, JJ., concur with HERLIHY P. J.; REYNOLDS, J., dissents and votes to affirm, in an opinion.

Judgment dismissing Claim No. 38321 filed by Bronxville Palmer, Ltd., reversed, on the law and the facts, and a new trial, limited to the question of damages, ordered, with costs. Order denying motion to amend Claim No. 38321 affirmed, without costs. Judgments dismissing Claims Nos. 39036, 39037, 39038 and 39042 affirmed, without costs.